## Case No. 3,181.
### COOKE et al. v. WOODROW.
[1 Cranch, C. C. 437.][1]

Circuit Court, District of Columbia. July Term, 1807.[2]

EVIDENCE OF HANDWRITING OF SUBSCRIBING WITNESS—TROVER.

1. If the subscribing witness has not been inquired for at the place to which he was last traced, evidence of his handwriting cannot be admitted to prove the instrument.

[See note at end of case.]

2. General property in the goods, without actual possession, is sufficient to maintain trover.

3. An agreement to sell and transfer goods seized and held as a distress for rent due from the vendor, will transfer the general property so as to enable the vendee to maintain trover after the goods have been replevied.

Trover.

Mr. Swann, for plaintiff, offered a paper signed by J. Withers, not under seal, witnessed by one subscribing witness, purporting to be a mortgage of goods, and acknowledged in open court to be his act and deed.

E. J. Lee and C. Simms, contra.

A mortgage of chattels must be under seal, and executed before three witnesses, and recorded according to Act Assem. Va. Dec. 13, 1792, p. 157, § 4.

PER CURIAM. The paper is not evidence. The recording gives no authenticity to a paper, which the law does not require to be recorded, and nothing but a deed under seal is entitled to be recorded; here is no seal.

Mr. Swann then offered evidence of the handwriting of Withers to the deed, and of the handwriting of the subscribing witness, having first examined a witness, who testified that he knew the subscribing witness; that he understood he had a wife in Philadelphia; that the witness was in Alexandria two or three months, and when he went away said he was going to Philadelphia. The witness had written to him according to his directions at Philadelphia, but had received no answer, and had heard that the subscribing witness had gone to Norfolk and not to Philadelphia; but he had made no inquiries for him at Norfolk, and did not know where he was.

THE COURT (nem. con.) said there was not sufficient evidence of due diligence on the part of the plaintiff to find the witness, and get his testimony.

C. Simms, for defendant, contended that the sale, if any, was while the goods were in the custody of the law, under a distress for rent.

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Affirmed in Cooke v. Woodrow, 5 Cranch, (9 U. S.) 13.]

Mr. Swann, for plaintiff. A general property, without actual possession, will support trover. 5 Bac. Abr. 258, 280; Ward v. Macauley, 4 Term R. 489.

Mr. Simms. But the plaintiffs have not proved a general property. A bargain while the goods were in custody of the law, under the distress, could give no property, because they were bound by the distress. 2 Bl. Comm. 447.

THE COURT (nem. con.) instructed the jury, that if they should be satisfied by the evidence, that Withers agreed to sell and transfer the goods in the declaration mentioned to the plaintiffs, upon consideration that the plaintiffs would, at his request, become security for him in a replevy-bond to replevy the said goods, which were then held by a distress for rent, and in further consideration, that they would place the overplus of such goods, after satisfying the replevy-bond, to the credit of the said Withers in their private account against him, and further, that the plaintiffs did become his security accordingly, and are ready to place the said overplus to his credit, as aforesaid, as soon as such overplus can be ascertained; —the plaintiffs, upon becoming security, as aforesaid, had such a general property in the said goods as will enable them to maintain this action of trover, although the plaintiffs never have had the actual possession in fact of the said goods.

The jury found a verdict for the defendant. The plaintiffs took a bill of exceptions, and a writ of error; but the judgment was affirmed by the supreme court of the United States. [Cooke v. Woodrow] 5 Cranch [9 U. S.] 13.

[NOTE. In the supreme court the plaintiffs in error suggested that the court must be satisfied that the sum in dispute exceeded $100, but Chief Justice Marshall said that that rule only applied to cases where the property itself, and not the damages, was the matter in dispute, and, proceeding to consider the case on the merits, held that, if inquiry was made at the place where the witness was last heard of, and he could not be found, evidence of his handwriting was admissible. Cooke v. Woodrow, supra.]